IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINA L. SMITH,                )
                                   )
           Plaintiff,              )
                                   )
     vs.                           )   Criminal No. 07-1400
                                   )
TWIN EXPRESS, INC.,                )
                                   )
           Defendant.              )

O R D E R

AND NOW, this 13th day of December, 2007, upon consideration of Plaintiff's Motion for Remand (document No. 3) filed in the above captioned matter on October 23, 2007, and upon further consideration of Defendant's Response thereto,

IT IS HEREBY ORDERED that said Motion is DENIED.

Plaintiff seeks to have this case remanded based on Defendant's alleged untimely removal of the action to federal court. Specifically, Plaintiff argues that Defendant failed to file a notice of removal within 30 days after receiving a copy of the Complaint in this case. The Court disagrees and finds that Defendant's notice of removal was timely filed.

The procedural history of this case is unusual. On or around August 10, 2006, the Defendant in this case, Twin Express, Inc., filed, in the Allegheny County Court of Common Pleas, a "Petition to Issue Docket Number for Service of Subpoena Duces

1

Tecum" for the purpose of serving a subpoena to procure Pennsylvania State Police reports and photographs in relation to a motor vehicle accident which had occurred on July 18, 2006. A miscellaneous docket number of G.D. No. 06-18882 was established, and the petition was filed at that docket number. Apparently, both Twin Express and Christina Smith, the Plaintiff in this matter, issued subpoenas under this miscellaneous number.

On July 27, 2007, Plaintiff Smith filed a Complaint against Defendant Twin Express at the same miscellaneous docket number. Plaintiff alleges that, on that same date, a copy of the Complaint was mailed to counsel of record for Defendant. Subsequently, Plaintiff served the Complaint upon Defendant on October 15, 2007.[1] The next day, October 16, 2007, Defendant filed the notice of removal in this case.[2]

28 U.S.C. § 1441(a) expressly provides, in relevant part:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants,

---

[1] Defendant asserts in the notice of removal that the Complaint was served on October 15, and Plaintiff does not dispute this. As will be discussed further below, Plaintiff's contention is that the earlier mailing of the Complaint constituted adequate service.

[2] Apparently as a result of the unusual history of the case, when this case was removed to this Court, it was initially docketed as "In re: Twin Express, Inc., Incident of July 28, 2006." The title of the action, therefore, failed to "include the names of all the parties," as required by Federal Rule of Civil Procedure 10(a). Pursuant to the Court's October 17, 2007 Order, the caption has subsequently been amended.

2

> to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiff does not dispute that this action is removable under Section 1441. Rather, she seeks to remand based on the alleged untimeliness of Defendant's notice of removal. 28 U.S.C. § 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The action Defendant seeks to remove is clearly the civil action filed against it by Plaintiff. The Complaint filed at the miscellaneous number is the initial pleading setting forth the claim for relief upon which the action is based. The issue, then, is when Defendant received this pleading "through service or otherwise."

It is not disputed that the Complaint was mailed to Defendant in July of 2007, and that formal service of the Complaint was effected on October 15, 2007. It is well-established that mere receipt of a "courtesy copy" of a filed complaint by the defendant does not trigger the time to remove the case. Rather, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through

service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (emphasis added). This would normally settle the matter, as the mailing of the Complaint on July 27 prior to the subsequent service of process would not have triggered the time to remove. However, Plaintiff argues that, since the Complaint was not, in her view, original process in G.D. No. 06-18882, mailing the Complaint constituted valid formal service pursuant to Pennsylvania Rule of Civil Procedure 440(a)(1)(i).

Plaintiff is essentially trying to get around the requirements of formal process by filing her Complaint at the existing miscellaneous number rather than at its own number. She argues that Defendant's Petition to Issue Docket Number for Service of Subpoena Duces Tecum, filed almost a year before the filing of the Complaint, constituted original process in that case. She relies on Rule 440 in arguing that the Complaint, since it was a "legal paper other than original process," can be served merely by mailing a copy to Defendant's attorney of record. The Court finds no merit in this argument.

Plaintiff has cited no legal authority, nor has the Court discovered any, that would allow a plaintiff in a civil case to avoid the ordinary requirements accompanying original process by filing a complaint at an existing miscellaneous docket number issued

4

for the purpose of the service of a subpoena. As Defendant points out, Pennsylvania law requires that an action be commenced by the filing of a praecipe for writ of summons or a complaint. See Pa. R. Civ. P. 1007; Floczak v. Nationwide Mut. Ins. Co., 433 A.2d 885, 887 (Pa. Super. 1981); Aivazoglou v. Drever Furnaces, 613 A.2d 595 (Pa. Super. 1992). "[T]he rules do not provide for commencement of an action by petition and rule." Floczak, 433 A.2d at 887. As such, Defendant's petition, filed in August of 2006, did not commence an action under Pennsylvania law. It therefore was not original process in the action brought by Plaintiff which Defendant has sought to remove. That civil action was commenced by the filing of Plaintiff's Complaint.[3]

Accordingly, the service of the Complaint is governed by Pennsylvania Rules of Civil Procedure 400-05 rather than by Rule 440. Those rules do not provide for service by mail to a party's attorney in this case. As such, mailing the Complaint on July 27 did not effect service of the Complaint. Apparently, formal service was made on October 15, which, pursuant to Murphy Bros., is the date on which the 30-day period to remove began. Since Defendant's

---

[3] Even if, for sake of argument, Defendant's petition did commence an action, it did not commence the action being removed. The petition did not name Plaintiff as a party, nor did it set forth any claims other than those regarding the issuance of a subpoena. Plaintiff's Complaint, which actually names the parties to the action at issue and sets forth the claims at issue, would then be construed as a new and separate action, which must be commenced by the ordinary procedures.

5

notice of removal was filed well within 30 days of that date, the notice was timely.

As stated previously, Plaintiff's only argument is that the notice of removal was untimely. Therefore, Plaintiff's motion to remand this case to state court is denied.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record